# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| ERNESTO RODRIGUEZ-BAZAN, | Case No. 5:26-cv-02765-DFM |
| Petitioner, | |
| v. | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| WARDEN, ADELANTO ICE PROCESSING CENTER et al., | |
| Respondents. | |

## I.   INTRODUCTION

On May 21, 2026, Petitioner Ernesto Rodriguez-Bazan, an immigration detainee at the Adelanto ICE Processing Center, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Petitioner seeks immediate release from custody or, in the alternative, a new bond hearing before a neutral adjudicator. See id. at 11. On May 29, 2026, Respondents filed an Answer. See Dkt. 9 ("Answer"). On June 3, 2026, Petitioner filed a Traverse. See Dkt. 10 ("Reply").

The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge for all purposes, including the entry of final judgment, under 28 U.S.C. § 636(c) and General Order 26-05. See Dkts. 4, 7. For the

reasons set forth below, the Petition is **DENIED** and this action is **DISMISSED** without prejudice.

## II. BACKGROUND

Petitioner is a 57-year-old citizen of Mexico. See Petition at 1-3; Dkt. 1-1 ("Form I-213"). He has resided in the United States since approximately 2005, is married to a United States citizen, has maintained stable employment and filed federal taxes for years, and has no criminal history. See Petition at 1-4.

On December 7, 2025, U.S. Immigration and Customs Enforcement ("ICE") field officers conducting a targeted enforcement operation directed at another individual encountered Petitioner during a vehicle stop. See Form I-213 at 3. The officers acknowledged that Petitioner "was not the target of the operation," but nonetheless questioned and then arrested him after he stated that he was a citizen of Mexico without lawful status. See id. Petitioner was served with a Notice to Appear charging him as an alien present in the United States without admission or parole under 8 U.S.C. § 1182(a)(6)(A)(i). See Dkt. 1-4 ("NTA"). The Form I-213 recounts seven voluntary returns to Mexico between 1998 and 2005. See Form I-213.

On January 20, 2026, an immigration judge ("IJ") held a custody redetermination hearing under 8 C.F.R. § 1236 at which Petitioner was represented by counsel. See Dkt. 1-3 ("Bond Order"). The IJ found Petitioner failed to establish that he was not a flight risk and denied bond, relying primarily on his seven voluntary returns between 1997 and 2005 and his successful illegal entry in 2005. See id. Petitioner reserved the right to appeal the Bond Order to the Board of Immigration Appeals ("BIA"), with an appeal deadline of February 20, 2026. See id. at 3. The record does not reflect that Petitioner filed any such appeal.

The Petition asserts three claims: (1) that Petitioner's continued detention violates the Fifth Amendment; (2) that the IJ abused his discretion

and committed legal error in applying the governing bond framework; and (3) that Petitioner's continued detention has become excessive and unreasonable. See Petition at 5-8. Respondents answer that Petitioner alleges no cognizable unlawfulness in his detention; that he is in any event subject to mandatory detention as an applicant for admission under 8 U.S.C. § 1225(b)(2)(A); that any challenge to the sufficiency of his bond hearing is unexhausted; and that what Petitioner actually seeks is review of the IJ's discretionary weighing of the evidence. See Answer at 2-6.[1]

## III.   DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the legality of their immigration detention. See Trinidad y Garcia v. Thomas, 683 F.3d 952, 956 (9th Cir. 2012) (en banc). Although 8 U.S.C. § 1226(e) limits review of the Attorney General's discretionary custody judgments, it "does not limit habeas jurisdiction over constitutional claims or questions of law." Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011); see also Jennings v. Rodriguez, 583 U.S. 281, 294-95 (2018). The Court therefore has jurisdiction to consider whether Petitioner's detention rests on a legal or constitutional error, but not to revisit the agency's discretionary weighing of the bond factors.

---

[1] Respondents contend that Petitioner is subject to mandatory detention 8 U.S.C. § 1225(b)(2)(A) without any bond hearing. See Answer at 2-3. The Court need not resolve whether § 1225(b)(2)(A) or § 1226(a) governs Petitioner's detention. Petitioner received a custody redetermination hearing before an IJ under 8 C.F.R. § 1236.1, and his challenge to that determination fails for the reasons stated below regardless of his statutory classification.

### A.    Petitioner Has Not Exhausted his Challenge to the Bond Determination

Petitioner's central claim, that the IJ wrongly denied bond, must be presented to the agency before it may be raised in habeas. "Once an alien has received a . . . bond hearing before an [IJ], he may appeal the IJ's decision to the [BIA]. If the alien is dissatisfied with the BIA's decision, he may then file a habeas petition in the district court." Leonardo v. Crawford, 646 F.3d 1157, 1159 (9th Cir. 2011). When a petitioner does not exhaust this prudential administrative remedy, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Id. at 1160.

Petitioner did not exhaust. He reserved his right to appeal the Bond Order to the BIA, but the record does not reflect that he filed an appeal before the February 20, 2026 deadline. See Bond Order at 2. Petitioner argues that exhaustion should be excused as futile because the asserted defects "arise directly from the custody framework currently being applied within EOIR proceedings." Petition at 9. That assertion is conclusory and unsupported. The IJ did not deny bond based on any contested framework; he conducted an ordinary custody redetermination and appears to have denied bond on individualized flight-risk grounds under Matter of Guerra, 24 I. & N. Dec. 37 (BIA 2006). A BIA appeal of that determination would not have been futile, and Petitioner identifies no "policy or BIA ruling that would render appeal in [his] particular case futile." See Answer at 4-5 (collecting recent decisions of this District declining to excuse exhaustion on materially identical records).

Nor has Petitioner shown that the duration of a BIA appeal would result in irreparable injury that warrants excusing exhaustion. Petitioner did not pursue the appeal available to him and instead allowed the deadline to lapse, "thereby contributing to the purported harm." Answer at 5 (citation omitted).

4

That the time for a direct appeal has now passed does not leave Petitioner without a remedy; he may seek to reopen proceedings before the BIA, or file a renewed motion for custody redetermination before the IJ on a showing of materially changed circumstances. Because Petitioner has not exhausted his administrative remedies and has not shown that exhaustion should be excused, the Petition is subject to dismissal without prejudice. See Leonardo, 646 F.3d at 1160.

**B.      Section 1226(e) Bars Review of the IJ's Flight-Risk Determination**

Even if Petitioner had exhausted, or exhaustion were excused, none of his claims would entitle him to relief.

Section 1226(e) provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). That bar "precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." Jennings, 583 U.S. at 295 (simplified). Whether the IJ correctly weighed the Matter of Guerra factors is a discretionary judgment that § 1226(e) places beyond review. See Prieto-Romero v. Clark, 534 F.3d 1053, 1058 (9th Cir. 2008) ("The alien may appeal the IJ's bond decision to the BIA, see 8 C.F.R. § 236.1(d)(3), but discretionary decisions granting or denying bond are not subject to judicial review.").

Petitioner invokes Martinez v. Clark, 124 F.4th 775 (9th Cir. 2024), which held that whether a detainee is a danger is a mixed question of law and fact reviewable as a "question of law." Id. at 779. But that review is deferential. The court reviews the agency's determination only for abuse of discretion and "cannot reweigh evidence"; it "can only determine whether the [agency] applied the correct legal standard." Id. at 785 (simplified). Absent "red flags"— such as the agency misstating the record or failing to mention highly probative

or potentially dispositive evidence—a reviewing court takes the agency "at its word" that it considered the evidence and applied the correct standard. Id. (quotation marks omitted).

Measured against that standard, Petitioner identifies no legal error. The Bond Order recites that the IJ ruled "[a]fter full consideration of the evidence presented," and it expressly weighed Petitioner's twenty-year presence, his United States citizen spouse and stepchildren, and his fixed address against his immigration history before concluding that he had not carried his burden. Bond Order at 2. There is no argument or suggestion that the IJ misstated the record or overlooked highly probative evidence. Petitioner's objections that the IJ gave too much weight to decades-old voluntary returns, drew unwarranted inferences about the viability of future relief, and improperly counted his unauthorized employment against him, see Petition at 2-3, 6, are disagreements with the weight the agency assigned to competing facts. A noncitizen's immigration history and the likelihood that relief will be granted are permissible considerations bearing on the incentive to appear. See Matter of Guerra, 24 I. & N. Dec. at 40. Petitioner's request that this Court reweigh those factors and reach a different result is precisely what § 1226(e) and Martinez forbid.

## C.   Petitioner Received Sufficient Process

To the extent Petitioner asserts a freestanding procedural due process claim, that claim is undercut by Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022). Applying the balancing framework of Mathews v. Eldridge, 424 U.S. 319 (1976), the Ninth Circuit held that "§ 1226(a)'s procedures satisfy due process, both facially and as applied to [the petitioner]," and that the Due Process Clause does not require a second bond hearing with a shifted burden of proof. Rodriguez Diaz, 53 F.4th at 1210-13. Those procedures include an individualized hearing before a neutral IJ, the right to counsel, the right to

present evidence, the right to appeal to the BIA, and the right to seek redetermination on a showing of materially changed circumstances. See id. at 1207-10; Demore v. Kim, 538 U.S. 510, 530 (2003).

Petitioner received that process. He had an individualized hearing before an IJ, was represented by counsel, and presented evidence before the IJ ruled. See Bond Order at 2. He could have appealed to the BIA and may still seek redetermination on changed circumstances. The Petition identifies no procedural feature that was absent.

**D.    Petitioner's Detention Is Not Excessive and Unreasonable**

Petitioner's six-month detention does not independently justify relief. "'[D]uration alone' cannot 'sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations.'" Rodriguez Diaz, 53 F.4th at 1212 (quoting Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 277 (3d Cir. 2018)); see also Prieto-Romero, 534 F.3d at 1063 (denying relief to an alien detained three years under § 1226(a)). Although Rodriguez Diaz reserved a narrow possibility that unreasonably prolonged detention might warrant as-applied relief, see 53 F.4th at 1213-14, six months of detention attributable to the ordinary course of contested removal proceedings is not such a case.

Petitioner further alleges that his detention has become "excessive and unreasonable" under Zadvydas v. Davis, 533 U.S. 678 (2001). See Petition at 8. To the extent Petitioner invokes the six-month framework set forth in Zadvydas, it construed the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6), and that framework applies to noncitizens detained after a final order of removal. See Zadvydas, 533 U.S. at 682, 699-701; Jennings, 583 U.S. at 298-301 (distinguishing § 1231 from pre-order detention). Petitioner is not subject to a final order of removal; he is detained during ongoing removal proceedings. Zadvydas therefore does not govern his detention.

## IV.   ORDER

For the foregoing reasons, IT IS ORDERED that:

1.   The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**;

2.   This action is **DISMISSED** without prejudice.

Date: June 11, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge

8